**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WESTGATE FINANCIAL CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COTSWOLD INDUSTRIES, INC.; ) | FILE NO.:  09-CV-2627 |
| COTSWOLD NON-WOVEN RETAIL, ) | |
| LLC; EXPERT STITCH, LLC; HTCW, ) | |
| INC.; AND JEREMY A. MOULTON ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT JEREMY A. MOULTON'S ANSWER TO COMPLAINT

COMES NOW Defendant Jeremy A. Moulton ("Defendant Moulton") and responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## SECOND DEFENSE

Plaintiff has failed to state a claim against Defendant Moulton upon which relief can be granted.

### THIRD DEFENSE

Plaintiff has not sustained any damages as a result of any acts or omissions on the part of Defendant Moulton and, accordingly, it cannot recover from Defendant Moulton.

### FOURTH DEFENSE

Any damages suffered by Plaintiff were proximately caused by someone other than Defendant Moulton, and as such, Defendant Moulton bears no liability.

### FIFTH DEFENSE

Plaintiff's claims are barred by its contributory and comparative negligence.

### SIXTH DEFENSE

Plaintiff's Complaint is not a short and plain statement of its claims as required by Rule 8(a)(2), Federal Rules of Civil Procedure, and should be dismissed.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

## EIGHTH DEFENSE

Plaintiff failed to plead its fraud claims with the particularity required by Federal Rule of Civil Procedure 9(b), and those claims must therefore be dismissed.

## NINTH DEFENSE

Plaintiff failed to mitigate its damages, if any.

## TENTH DEFENSE

Plaintiff's request for punitive damages is barred because it violates the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 1, of the State of Georgia Constitution to the extent that it demands punitive damages that far exceed awards in comparable cases or otherwise demands grossly excessive punitive damages.

## ELEVENTH DEFENSE

Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and in violation of Article I, Section 1, of the State of Georgia Constitution.

## TWELFTH DEFENSE

An award of punitive damages in this case would constitute an excessive fine in violation of Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph 17, of the State of Georgia Constitution.

## THIRTEENTH DEFENSE

Plaintiff fails to state a claim for which the award of attorney's fees or litigation expenses would be warranted.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

## FIFTEENTH DEFENSE

Subject to and without waiving his affirmative defenses, Defendant Moulton responds to the specific allegations of Plaintiff's Complaint as follows:

## Preliminary Statement

1.

Defendant Moulton denies the allegations contained in Paragraph 1.

2.

Defendant Moulton denies the allegations contained in Paragraph 2 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient

knowledge to admit the remainder of the allegations contained in Paragraph 2, and thus they are denied.

3.

Defendant Moulton denies the allegations contained in Paragraph 3.

4.

Defendant Moulton denies the allegations contained in Paragraph 4.

5.

Defendant Moulton denies the allegations contained in Paragraph 5.

6.

Defendant Moulton denies the allegations contained in Paragraph 6 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 6, and thus they are denied.

7.

Defendant Moulton denies the allegations contained in Paragraph 7.

## **Parties**

8.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 8, and thus they are denied.

9.

Defendant Moulton admits, upon information and belief, that Co-Defendant Cotswold Industries, Inc. ("Cotswold") is a New York corporation registered to do business in Georgia. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 9, and thus they are denied.

10.

Defendant Moulton admits, upon information and belief, that Co-Defendant Cotswold Non-Woven Retail, LLC ("Cotswold Non-Woven") is a Georgia limited liability company. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 10, and thus they are denied.

11.

Defendant Moulton admits, upon information and belief, that Co-Defendant Expert Stitch, LLC ("Expert Stitch") is a Georgia limited liability company with its principal place of business in Georgia. Defendant Moulton further admits that he

is Expert Stitch's registered agent of record. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 11, and thus they are denied.

12.

Defendant Moulton admits, upon information and belief, that Expert Stitch is solely owned and operated by Brenda Liston ("Ms. Liston"). Defendant Moulton further admits, upon information and belief, that Ms. Liston is the sole shareholder of Co-Defendant HTCW, Inc. ("HTCW"). Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 12, and thus they are denied.

13.

Defendant Moulton admits that he previously served as the registered agent for HTCW but has since resigned and, consequently, HTCW may no longer be served with process by and through Defendant Moulton. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 13, and thus they are denied.

14.

Defendant Moulton admits the allegations contained in Paragraph 14.

**Jurisdiction and Venue**

15.

Defendant Moulton denies the allegations contained in Paragraph 15.

16.

Defendant Moulton denies the allegations contained in Paragraph 16.

**Factual Allegations**

17.

Defendant Moulton admits, upon information and belief, that HTCW and Plaintiff previously entered into a factoring agreement. Defendant Moulton further states that the document referenced in Paragraph 17 speaks for itself. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 17, and thus they are denied.

18.

Defendant Moulton admits that a document entitled "Factoring Agreement" is attached as Exhibit "A" to the Complaint. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 18, and thus they are denied.

19.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 19, and thus they are denied.

20.

Defendant Moulton states that the document referenced in Paragraph 20 speaks for itself. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 20, and thus they are denied.

21.

Defendant Moulton states that the document referenced in Paragraph 21 speaks for itself. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 21, and thus they are denied.

22.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 22, and thus they are denied.

23.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 23, and thus they are denied.

24.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 24, and thus they are denied.

25.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 25, and thus they are denied.

26.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 26, and thus they are denied.

27.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 27, and thus they are denied.

28.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 28, and thus they are denied.

29.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 29, and thus they are denied.

30.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 30, and thus they are denied.

31.

Defendant Moulton admits the allegations contained in Paragraph 31.

32.

Defendant Moulton admits that the document attached as Exhibit "B" to the Complaint appears to be a true and correct copy of the letter referenced in Paragraph 31.

33.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 33, and thus they are denied.

34.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 34, and thus they are denied.

35.

Defendant Moulton admits that he had certain discussions with representatives from Cotswold regarding Cotswold's interest in HTCW and the

factoring agreement between HTCW and Plaintiff. Defendant Moulton further admits that he advised Cotswold that he believed the factoring agreement was terminable on sixty days notice. Defendant Moulton denies the remainder of the allegations contained in Paragraph 35.

36.

Defendant Moulton admits that he had certain discussions with representatives from Cotswold regarding Cotswold's interest in HTCW. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 36, and thus they are denied.

37.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 37, and thus they are denied.

38.

Defendant Moulton admits that he had certain discussions with representatives from Cotswold and Liston regarding Cotswold's interest in Expert Stitch. Defendant Moulton denies the remainder of the allegations contained in Paragraph 38.

39.

Defendant Moulton admits that he prepared a draft distributorship agreement between Expert Stitch and Cotswold.  Defendant Moulton denies the remainder of the allegations contained in Paragraph 39.

40.

Defendant Moulton admits that the document attached as Exhibit "C" to the Complaint appears to be a true and correct copy of the draft distributorship agreement referenced in Paragraph 39.

41.

Defendant Moulton denies the allegations contained in Paragraph 41 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 41, and thus they are denied.

42.

Defendant Moulton admits that he had certain discussions with representatives from Cotswold regarding Cotswold's interest in HTCW.  Defendant Moulton denies the remainder of the allegations contained in Paragraph 42 to the extent such allegations are made against him.

43.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 43, and thus they are denied.

44.

Defendant Moulton admits, upon information and belief, that Cotswold had previously sold certain goods to HTCW. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 44, and thus they are denied.

45.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 45, and thus they are denied.

46.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 46, and thus they are denied.

47.

Defendant Moulton admits that he had certain discussions with representatives from Cotswold regarding Cotswold's interest in HTCW. Defendant

Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 47, and thus they are denied.

48.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 48, and thus they are denied.

49.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 49, and thus they are denied.

50.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 50, and thus they are denied.

51.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 51, and thus they are denied.

52.

Defendant Moulton denies the allegations contained in Paragraph 52.

53.

Defendant Moulton denies the allegations contained in Paragraph 53.

54.

Defendant Moulton denies the allegations contained in Paragraph 54.

55.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 55, and thus they are denied.

56.

Defendant Moulton admits the allegations contained in Paragraph 56.

57.

Defendant Moulton admits, upon information and belief, that Cotswold and Liston entered into an employment agreement.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 57, and thus they are denied.

58.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 58, and thus they are denied.

59.

Defendant Moulton states that the document referenced in Paragraph 59 speaks for itself.

60.

Defendant Moulton states that the document referenced in Paragraph 60 speaks for itself.

61.

Defendant Moulton states that the document referenced in Paragraph 61 speaks for itself.

62.

Defendant Moulton states that the document referenced in Paragraph 62 speaks for itself.

63.

Defendant Moulton states that the document referenced in Paragraph 63 speaks for itself.

64.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 64, and thus they are denied.

65.

Defendant Moulton states that the document referenced in Paragraph 65 speaks for itself.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 65, and thus they are denied.

66.

Defendant Moulton denies the allegations contained in Paragraph 66 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 66, and thus they are denied.

67.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 67, and thus they are denied.

68.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 68, and thus they are denied.

69.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 69, and thus they are denied.

70.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 70, and thus they are denied.

71.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 71, and thus they are denied.

72.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 72, and thus they are denied.

73.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 73, and thus they are denied.

74

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 74, and thus they are denied.

75.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 75, and thus they are denied.

76.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 76, and thus they are denied.

77.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 77, and thus they are denied

78.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 78, and thus they are denied.

79.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 79, and thus they are denied.

80.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 80, and thus they are denied.

81.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 81, and thus they are denied.

82.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 82, and thus they are denied.

83.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 83, and thus they are denied.

84.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 84, and thus they are denied.

85.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 85, and thus they are denied.

86.

Defendant Moulton denies the allegations contained in Paragraph 86 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 86, and thus they are denied.

87.

Defendant Moulton denies the allegations contained in Paragraph 87 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 87, and thus they are denied.

88.

Defendant Moulton denies the allegations contained in Paragraph 88 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 88, and thus they are denied.

89.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 89, and thus they are denied.

90.

Defendant Moulton admits that the document attached as Exhibit "L" to the Complaint appears to be a true and correct copy of a letter sent by Defendant Moulton to Erika C. Birg.  Defendant Moulton further states that the document

speaks for itself. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 90, and thus they are denied.

91.

Defendant Moulton denies the allegations contained in Paragraph 91 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 91, and thus they are denied.

92.

Defendant Moulton denies the allegations contained in Paragraph 92 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 92, and thus they are denied.

93.

Defendant Moulton denies the allegations contained in Paragraph 93 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 93, and thus they are denied.

94.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 94, and thus they are denied.

95.

Defendant Moulton states that the document referenced in Paragraph 95 speaks for itself.  Defendant Moulton denies the remainder of the allegations contained in Paragraph 95.

96.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 96, and thus they are denied.

97.

Defendant Moulton lacks sufficient knowledge to admit the allegations contained in Paragraph 97, and thus they are denied.

## COUNT ONE

## VIOLATION OF THE UFTA OR, IN THE ALTERNATIVE, CONVERSION BY HTCW, COTSWOLD AND/OR COTSWOLD NON-WOVEN

98.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

99.

Defendant Moulton denies the allegations contained in Paragraph 99 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 99, and thus they are denied.

100.

Defendant Moulton denies the allegations contained in Paragraph 100 the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 100, and thus they are denied.

101.

Defendant Moulton denies the allegations contained in Paragraph 101 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 101, and thus they are denied.

102.

Defendant Moulton denies the allegations contained in Paragraph 102 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 102, and thus they are denied.

103.

Defendant Moulton denies the allegations contained in Paragraph 103 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient

knowledge to admit the remainder of the allegations contained in Paragraph 103, and thus they are denied.

104.

Defendant Moulton denies the allegations contained in Paragraph 104 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 104, and thus they are denied.

105.

Defendant Moulton denies the allegations contained in Paragraph 105 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 105, and thus they are denied.

106.

Defendant Moulton denies the allegations contained in Paragraph 106 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 106, and thus they are denied.

107.

Defendant Moulton denies the allegations contained in Paragraph 107 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 107, and thus they are denied.

## COUNT TWO

## CIVIL CONSPIRACY TO VIOLATE THE UFTA AND/OR TO COMMIT THE TORT OF CONVERSION BY MOULTON, EXPERT STITCH, COTSWOLD AND/OR COTSWOLD NON-WOVEN

108.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

109.

Defendant Moulton denies the allegations contained in Paragraph 109.

110.

Defendant Moulton denies the allegations contained in Paragraph 110.

**COUNT THREE**

**VIOLATION OF THE UFTA OR, IN THE ALTERNATIVE, CONVERSION, BY HTCW AND EXPERT STITCH**

111.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

112.

Defendant Moulton denies the allegations contained in Paragraph 112 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 112, and thus they are denied.

113.

Defendant Moulton denies the allegations contained in Paragraph 113 the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 113, and thus they are denied.

114.

Defendant Moulton denies the allegations contained in Paragraph 114 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 114, and thus they are denied.

115.

Defendant Moulton denies the allegations contained in Paragraph 115 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 115, and thus they are denied.

116.

Defendant Moulton denies the allegations contained in Paragraph 116 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 116, and thus they are denied.

117.

Defendant Moulton denies the allegations contained in Paragraph 117 to the extent such allegations are made against him. Defendant Moulton lacks sufficient

knowledge to admit the remainder of the allegations contained in Paragraph 117, and thus they are denied.

118.

Defendant Moulton denies the allegations contained in Paragraph 118 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 118, and thus they are denied.

**COUNT FOUR**

**CIVIL CONSPIRACY TO VIOLATE THE UFTA AND/OR TO COMMIT THE TORT OF CONVERSION BY MOULTON, EXPERT STITCH AND COTSWOLD**

119.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

120.

Defendant Moulton denies the allegations contained in Paragraph 120

121.

Defendant Moulton denies the allegations contained in Paragraph 121.

122.

Defendant Moulton denies the allegations contained in Paragraph 122.

## COUNT FIVE

## SUCCESSOR LIABILITY AGAINST COTSWOLD, COTSWOLD NON-WOVEN, AND/OR EXPERT STITCH

123.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

124.

Defendant Moulton denies the allegations contained in Paragraph 124 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 124, and thus they are denied.

125.

Defendant Moulton denies the allegations contained in Paragraph 125.

126.

Defendant Moulton denies the allegations contained in Paragraph 126 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient

knowledge to admit the remainder of the allegations contained in Paragraph 126, and thus they are denied.

127.

Defendant Moulton denies the allegations contained in Paragraph 127 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 127, and thus they are denied.

128.

Defendant Moulton denies the allegations contained in Paragraph 128 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 128, and thus they are denied.

129.

Defendant Moulton denies the allegations contained in Paragraph 129 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 129, and thus they are denied.

130.

Defendant Moulton denies the allegations contained in Paragraph 130 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 130, and thus they are denied.

131.

Defendant Moulton denies the allegations contained in Paragraph 131 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 131, and thus they are denied.

132.

Defendant Moulton denies the allegations contained in Paragraph 132 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 132, and thus they are denied.

## COUNT SIX

## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND/OR BUSINESS AND PROSPECTIVE BUSINESS RELATIONS AGAINST COTSWOLD

### 133.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

### 134.

Defendant Moulton denies the allegations contained in Paragraph 134 to the extent such allegations are made against him.  Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 134, and thus they are denied.

### 135.

Defendant Moulton denies the allegations contained in Paragraph 135.

136.

Defendant Moulton denies the allegations contained in Paragraph 136 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 136, and thus they are denied.

137.

Defendant Moulton denies the allegations contained in Paragraph 137 to the extent such allegations are made against him. Defendant Moulton lacks sufficient knowledge to admit the remainder of the allegations contained in Paragraph 137, and thus they are denied.

## COUNT SEVEN

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

138.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

139.

Defendant Moulton denies the allegations contained in Paragraph 139.

140.

Defendant Moulton denies the allegations contained in Paragraph 140.

141.

Defendant Moulton denies the allegations contained in Paragraph 141.

142.

Defendant Moulton denies that Plaintiff is entitled to the relief requested in Paragraph 142.

## COUNT EIGHT

## ATTORNEYS' FEES AND COSTS

143.

Defendant Moulton repeats and incorporates his responses to the preceding paragraphs of Plaintiff's Complaint.

144.

Defendant Moulton denies the allegations contained in Paragraph 144.

145.

Defendant Moulton denies the allegations contained in Paragraph 145.

Defendant Moulton denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause immediately following Paragraph 145.

***

WHEREFORE, having fully responded to the allegations in Plaintiff's Complaint, Defendant Moulton asks for judgment in his favor with all costs taxed against Plaintiff.

Respectfully submitted this 19th day of October, 2009.

CARLOCK, COPELAND & STAIR, L.L.P.


By:     /s/ Johannes S. Kingma
        JOHANNES S. KINGMA
        State Bar No. 421650
        WILLIAM D. NEWCOMB, III
        State Bar No. 148484
        Attorneys for Defendant
        JEREMY A. MOULTON

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
404-522-8220
........
P.O. Box 5687
Atlanta, Georgia  30303