IN THE UNITED STATES DISTRIT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WESTGATE FINANCIAL CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:09-cv-2627 |
| COTSWOLD INDUSTRIES, INC.; | ) | |
| COTSWOLD NON-WOVEN RETAIL, LLC; | ) | |
| EXPERT STITCH, LLC, HTCW, INC., | ) | |
| And JEREMY A. MOULTON | ) | |
| | ) | |
| Defendants. | ) | |

**EXPERT STITCH, LLC'S DEFENSES OF LAW AND ANSWER TO COMPLAINT**

COMES NOW, Expert Stitch, LLC, Defendant in the above-styled action, and files its Defenses of Law and Answer to Complaint as follows:

## PART ONE: DEFENSES OF LAW

### FIRST DEFENSE
Failure to State a Claim

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE
Failure to Join Necessary Parties

Plaintiff may have failed to join necessary parties to this action.

### THIRD DEFENSE
#### Assumption of Risk

Plaintiff's complaint may be barred by its own assumption of risk.

### FOURTH DEFENSE
#### Contributory and Comparative Negligence

Plaintiff's own actions related to this matter may constitute contributory and comparative negligence.

### FIFTH DEFENSE
#### WAIVER AND ESTOPPEL

Plaintiff's claims may be barred by its own actions constituting waiver and estoppels.

### SIXTH DEFENSE
#### PAYMENT

Payment in this matter may bar or set off the relief sought by Plaintiff in the Complaint.

### SEVENTH DEFENSE
#### CONDITIONS PRECEDNET

Plaintiff's claims may be barred by its failure to satisfy certain conditions precedent.

### EIGHTH DEFENSE
#### FAILURE TO PLEAD SHORT AND CONCISE STATEMENTS

Plaintiff's claims may be barred for failure to abide by Rule 9(a)(2) of the Federal Rules of Civil Procedure.

## NINTH DEFENSE
## FAILURE TO PLEAD WITH PARTICULARLITY

Plaintiff's fraud claims should be dismissed for failure to plead with particularity as required by Federal Rule of Civil Procedure 9(b).

## TENTH DEFENSE
## RES JUDICATA AND COLLATERAL ESTOPPEL

Plaintiff's claims may be barred by the doctrine of res judicata and/or collateral estoppels.

## **PART TWO: ANSWER**

### 1.

Defendant objects in that paragraph one merely alleges certain references to the Complaint which speaks for itself. To the extent a response is required to paragraph one, Defendant denies any liability alleged in the Complaint.

### 2.

Defendant objects to paragraph 2 in that it is far from a plain and concise statement requirement by the Federal Rules of Civil Procedure, in that the statements therein allege legal conclusion, and that the paragraph is so convoluted and cumulative so as to make impossible any ability to accurately admit or deny the same. Subject to and without waiving said objections, Defendant denies that either it or HTCW participated in an fraudulent activity as represented in paragraph 2, denies that it or HTCW made fraudulent representations to the

Plaintiff, denies that HTCW breached any agreement with the Plaintiff, and denies that Brenda Listen breached any agreement with the Plaintiff. In addition, Defendant denies any averment or statement that is inconsistent with the content of the documents referenced in paragraph 2 as well.

3.

Defendant objects to paragraph 3 in that it avers legal conclusions and references documents that speak for themselves. Subject to and without waiving said objections, Defendant denies any averments inconsistent with the content of the referenced documents, and denies committing any acts of fraud, or coverup of fraud as alleged in paragraph 3. All other averments are denied.

4.

The averments in paragraph 4 are denied.

5.

The averments in paragraph 5 are denied.

6.

Defendant objects to paragraph 6 in that it avers legal conclusions and to the vagueness of paragraph 6, particularly the and/or nature of the averments, and is without sufficient information or knowledge to affirm or deny the averments in paragraph 6. Defendant denies that it is liable for any actions as alleged by the Plaintiff in paragraph 6.

7.

Defendant objects to paragraph 7 in that it seeks legal conclusions. Subject to and without waiving said objections, Defendant denies the allegations in paragraph 7.

## PARTIES

8.

Defendant has insufficient knowledge or belief to admit or deny the averments in paragraph 8.

9.

Defendant has insufficient knowledge or belief to admit or deny the averments in paragraph 9.

10.

Defendant has insufficient knowledge or belief to admit or deny the averments in paragraph 10.

11.

Defendant admits that Expert Stitch, LLC is a Georgia limited liability company, that its principal place of business is in Georgia, and that Moulton is Expert Stitch's registered agent. Defendant does not contest personal jurisdiction, but denies all other averments in paragraph 11 not admitted herein.

12.

Defendant admits that Expert Stitch is solely owned and operated by Brenda Liston. Defendant objects to the remaining averments in that they are vague as to the time period involved,

and is as such without sufficient knowledge or information to affirm or deny the same.

### 13.

Defendant admits that HTCS is a Georgia corporation with its principal place of business in Georgia. Defendant has insufficient knowledge or information to admit or deny the remaining averments in paragraph 13.

### 14.

Defendant has insufficient knowledge or information to admit or deny the averments in paragraph 14.

## JURISDICTION AND VENUE

### 15.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 15.

### 16.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 16.

## FACTUAL ALLEGATIONS

**A. HTCW Enters into Agreements with Westgate to Factor HTCW's Accounts Receivable.**

### 17.

Defendant objects to paragraph 17 in that the allegations contained therein merely reference a document which speaks for itself. To the extent the allegations in paragraph 17

contradict the content of the "Factoring Agreement" the same is denied. All other averments in paragraph 20 which do not reference the document are denied.

18.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 18.

19.

Defendant denies the averments in paragraph 19.

20.

Defendant objects to paragraph 20 in that the allegations contained therein merely reference a document which speaks for itself. To the extent the allegations in paragraph 20 contradict the content of the "Factoring Agreement" the same is denied. All other averments in paragraph 20 which do not reference the document are denied.

21.

Defendant objects to paragraph 21 in that the allegations contained therein merely reference a document which speaks for itself. To the extent the allegations in paragraph 21 contradict the text of the "Factoring Agreement" the same is denied. All other averments in paragraph 21 which do not reference the document are denied.

## B. HTCW Sends Westgate Fraudulent Invoices

### 22.

Defendant admits that HTCW sold certain customer accounts receivable to Westgate as bona fide and existing obligations of its customers, arising out of the sale of goods by HTCW, and which were due and payable. Defendant is without sufficient knowledge or information to admit or deny the remaining averments in paragraph 22.

### 23.

Defendant admits that Westgate sent a Joseph Cella to HTCW to review its books and records. Defendant is without sufficient knowledge or information to admit or deny the remaining averments in paragraph 23.

### 24.

Defendant admits that Cella performed a shipping test on invoices. Defendant is without sufficient knowledge or information to admit or deny the remaining averments in paragraph 24.

### 25.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 25.

### 26.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 26.

27.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 27.

28.

Defendant admits that Westgate informed HTCW that it would return to Atlanta to perform a supplemental review of its documents. Defendant is without sufficient knowledge or information to admit or deny the remaining averments in paragraph 28.

29.

Defendant admits that Westgate informed HTCW that it would return to Atlanta to perform a supplemental review of its documents. Defendant is without sufficient knowledge or information to admit or deny the remaining averments in paragraph 29.

30.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 30.

31.

Defendant admits her understanding that a letter was sent by Moulton to Westgate purporting to terminate the Factoring Agreement, but has insufficient knowledge or information to admit or deny the remaining averments in paragraph 31.

32.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 32.

C.  Cotswold Interfered in the Westgate-HTCW Relationship

33.

Defendant admits that Brenda Liston and James McKinnon of Cotswold Industries, Inc. discussed the potential purchase of HTCW's business, but has insufficient knowledge or information to admit or deny the remaining averments in paragraph 33.

34.

Defendant admits that James McKinnon visited HTCW's facility, but is without sufficient information or knowledge to admit or deny the remaining averments in paragraph 34.

35.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 35.

36.

Defendant admits that she had discussions with James McKinnon regarding the possible purchase of HTCW by Cotswold, but has insufficient knowledge or information to admit or deny the remaining averments in paragraph 36.

37.

Defendant admits travelling to New York to meet with Cotswold executives around or about January 2009 to discuss the

possible purchase and sell of HTCW given Plaintiff's security interests. All remaining averments in paragraph 37 are denied.

38.

Defendant denies the averments in paragraph 38.

39.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 39.

40.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 40.

41.

The averments in paragraph 41 are denied.

42.

Defendant admits that it never entered into the Distributorship Agreement, and that it continued to negotiate a possible purchase and sale of HTCW by Cotswold. Defendant denies the remaining averments in paragraph 42.

43.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 43.

44.

Defendant admits to the averments in paragraph 44.

45.

Defendant admits that a Letter of Intent was drafted by
Cotswold to acquire HTCW's assets, states that that document
speaks for itself, and denies all remaining averments in
paragraph 45 that are inconsistent with the Letter of Intent.

46.

Defendant is without sufficient information or knowledge to
admit or deny the averments in paragraph 46.

47.

Defendant denies the averments in paragraph 47.

48.

Defendant is without sufficient information or knowledge to
admit or deny the averments in paragraph 48.

49.

Defendant is without sufficient information or knowledge to
admit or deny the averments in paragraph 49.

50.

Defendant is without sufficient information or knowledge to
admit or deny the averments in paragraph 50.

51.

Defendant is without sufficient information or knowledge to
admit or deny the averments in paragraph 51.

52.

Defendant denies the averments in paragraph 52.

53.

Defendant has insufficient information or knowledge to admit or deny the last sentence in paragraph 53, and denies all remaining averments in paragraph 53.

54.

Defendant has insufficient information or knowledge to admit or deny the last sentence in paragraph 54, and denies all remaining averments in paragraph 54.

55.

Based upon the vagueness of the averments in paragraph 55, Defendant states that it is without sufficient information or knowledge to admit or deny the averments in paragraph 55.

56.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 56.

57.

Defendant admits the averments in paragraph 57.

58.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 58.

59.

Defendant states that the Employment Agreement speaks for itself and denies any averments in paragraph 59 inconsistent with the terms of that document.

60.

Defendant states that the Employment Agreement speaks for itself and denies any averments in paragraph 60 inconsistent with the terms of that document.

61.

Defendant states that the Employment Agreement speaks for itself and denies any averments in paragraph 61 inconsistent with the terms of that document.

62.

Defendant states that the Employment Agreement speaks for itself and denies any averments in paragraph 62 inconsistent with the terms of that document.

63.

Defendant states that the Employment Agreement speaks for itself and denies any averments in paragraph 63 inconsistent with the terms of that document.

64.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 64.

65.

Defendant admits the first sentence of paragraph 65, and states that to the extent paragraph 65 references documents that speak for themselves, Defendant denies all averments inconsistent with the content of those documents. Defendant has

insufficient information or knowledge to admit or deny the remaining averments in paragraph 65.

66.

Defendant denies the averments in paragraph 66.

67.

Defendant denies the averments in paragraph 67.

68.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 68.

69.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 69.

70.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 70.

71.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 71.

72.

The documents attached to the Complaint as Exhibit I speak for themselves, and to the extent that the averments in paragraph 72 are inconsistent with the documents, Defendant denies the same. Defendant has insufficient knowledge or

information to admit or deny the remaining averments in paragraph 72.

73.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 73.

74.

The documents attached to the Complaint as Exhibit I speak for themselves, and to the extent that the averments in paragraph 74 are inconsistent with the documents, Defendant denies the same. Defendant has insufficient knowledge or information to admit or deny the remaining averments in paragraph 74.

75.

Defendant objects to the vagueness of the averments in paragraph 75 and denies the same.

76.

The documents attached to the Complaint as Exhibit I speak for themselves, and to the extent that the averments in paragraph 76 are inconsistent with the documents, Defendant denies the same. Defendant has insufficient knowledge or information to admit or deny the remaining averments in paragraph 76.

77.

Defendant objects to the vagueness of the averments in paragraph 77 and denies the same.

78.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 78.

79.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 79.

80.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 80.

81.

Defendant objects to the vagueness of the averments in paragraph 81 and denies the same.

82.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 82.

83.

Defendant admits its belief that Cotswold Non-Woven filed a trade name application to use the name "HTC Retail", but Defendant has insufficient knowledge or information to admit or deny the remaining averments in paragraph 83.

84.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 84.

D.   **The Expert Stitch Pass-Off**

85.

Plaintiff objects to paragraph 85 in that it avers a legal conclusion, and states that it has insufficient knowledge or information to admit or deny the averments in paragraph 85.

86.

Defendant denies the averments in paragraph 86.

87.

Defendant denies the averments in paragraph 87.

88.

Defendant objects to the vagueness of the averments in paragraph 88 and denies the same.

89.

The documents attached to the Complaint as Exhibit K speaks for itself, and Defendant denies any and all averments inconsistent with the terms of that document.

90.

The documents attached to the Complaint as Exhibit L speaks for itself, and Defendant denies any and all averments inconsistent with the terms of that document.

91.

Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 91.

92.

Defendant objects to the cumulative and vague nature of paragraph 92, and states that Defendant is without sufficient information or knowledge to admit or deny the averments in paragraph 92.

93.

Defendant denies the averments in paragraph 93.

**E.    Cotswold's use of Expert Stitch to Continue the HTCW Business**

94.

Defendant denies the averments in paragraph 94.

95.

The letter referenced in the first sentence of paragraph 95 speaks for itself and Defendant denies any averments inconsistent with the content of that letter. Defendant is without sufficient knowledge or information to admit or deny the remaining averments in paragraph 95.

96.

Defendant objects to the vagueness of the averments in paragraph 96 and as such is without sufficient information or knowledge to affirm or deny the averments in paragraph 96.

97.

Defendant denies the averments in paragraph 97.

## COUNT ONE

98.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99.

Defendant is without sufficient information or knowledge to affirm or deny the averments in paragraph 99.

100.

Defendant objects to the vagueness of paragraph 100, particularly the and/or nature of the averments, and is without sufficient information or knowledge to affirm or deny the averments in paragraph 100.

101.

Defendant objects to the vagueness of paragraph 101, particularly the and/or nature of the averments, and is without sufficient information or knowledge to affirm or deny the averments in paragraph 101.

102.

Defendant objects to the vagueness of paragraph 102, particularly the and/or nature of the averments, and is without sufficient information or knowledge to affirm or deny the averments in paragraph 102.

103.

Defendant objects to the vagueness of paragraph 103, particularly the and/or nature of the averments, but denies the averments nevertheless.

104.

Defendant objects to the vagueness of paragraph 104, particularly the and/or nature of the averments, and is without sufficient information or knowledge to affirm or deny the averments in paragraph 104.

105.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 105.

106.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 106.

107.

Defendant objects to paragraph 107 in that it involves a legal conclusion, and denies the averments in the same paragraph.

## COUNT TWO

### 108.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 108 of the Complaint as if fully set forth herein.

### 109.

Defendant denies the averments in paragraph 109.

### 110.

Defendant denies the averments in paragraph 110.

### 111.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 111 of the Complaint as if fully set forth herein.

## COUNT THREE

### 112.

Defendant denies the averments in paragraph 111.

### 113.

Defendant objects to the cumulative and vague nature of the averments in paragraph 113, and is without sufficient knowledge or information to admit or deny the same.

### 114.

Defendant denies the averments in paragraph 114.

### 115.

Defendant denies the averments in paragraph 115.

116.

Defendant denies the averments in paragraph 116.

117.

Defendant denies the averments in paragraph 117.

118.

Defendant objects to paragraph 118 in that it involves a legal conclusion, and denies the averments in the same paragraph.

**COUNT FOUR**

119.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120.

Defendant denies the averments in paragraph 120.

121.

Defendant denies the averments in paragraph 121.

122.

Defendant denies the averments in paragraph 122.

**COUNT FIVE**

123.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 122 of the Complaint as if fully set forth herein.

124.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 106.

125.

Defendant denies the averments in paragraph 125.

126.

Defendant denies the averments in paragraph 126.

127.

Defendant denies the averments in paragraph 127.

128.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 128.

129.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 129.

130.

Defendant objects to the vagueness of paragraph 130, particularly the and/or nature of the averments, and is without sufficient information or knowledge to affirm or deny the averments in paragraph 130.

131.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 131.

132.

Defendant denies the averments in paragraph 132.

## COUNT SIX

133.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 134.

135.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 135.

136.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 136.

137.

Defendant is without sufficient knowledge or information to admit or deny the averments in paragraph 137.

## COUNT SEVEN

138.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 137 of the Complaint as if fully set forth herein.

139.

Defendant denies the averments in paragraph 139.

140.

Defendant denies the averments in paragraph 140.

141.

Defendant denies the averments in paragraph 141.

142.

To the extent a response is required to paragraph 142, Defendant denies Plaintiff's entitlement to punitive damages against the Defendant.

## COUNT EIGHT

143.

To the extent a response is required, Defendant incorporates all responses to paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.

Defendant denies the averments in paragraph 144.

145.

To the extent a response is required to paragraph 145, Defendant denies Plaintiff's entitlement to attorneys' fees or costs against the Defendant.

146.

Defendant denies Plaintiff's entitlement to and prays that this Court deny all relief demanded by the Plaintiff against the Defendant in the Complaint.

Respectfully submitted this 26th day of OCTOBER, 2009,

> S/Greg K. Hecht
> Georgia Bar 003860
> S/Jon W. Jordan
> Georgia Bar 690096
> Counsel for Defendant
> Expert Stitch, LLC
> HECHT, MACK & HARRIS
> 205 Corporate Center Drive,
> Suite B
> Stockbridge, Georgia 30281
> (404) 348-4881 (telephone)
> (678) 884-1257 (facsimile)