## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WESTGATE FINANCIAL          :
CORPORATION,                :
                            :
    **Plaintiff,**          :
                            :
v.                          :          **CIVIL ACTION FILE NO.**
                            :          **1:09-cv-2627-WSD**
COTSWOLD INDUSTRIES, INC.,  :
*et al.*,                   :
                            :
    **Defendants.**         :

## DEFENDANTS COTSWOLD INDUSTRIES, INC.'S AND COTSWOLD NON-WOVEN RETAIL, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND PORTIONS OF THEIR ANSWER

Defendants Cotswold Industries, Inc., and Cotswold Non-Woven Retail, LLC (collectively, the "Cotswold Defendants"), hereby respond to and oppose Plaintiff Westgate Financial Corporation's (hereinafter "Plaintiff" or "Westgate") Motion to Strike Certain Affirmative Defenses and Portions of Defendants Cotswold Industries, Inc.'s and Cotswold Non-Woven Retail, LLC's Answers ("Motion" or "Motion to Strike").  Plaintiff's Motion is without merit and should be denied in its entirety.

{KH094018}

# I.     <u>INTRODUCTION</u>

Plaintiff's Motion was purportedly filed in an effort to "avoid a waste of Court and party resources."  Pl.'s Br. in Support of Mot. to Strike ("Pl.'s Br."), p. 3.  In reality, however, Plaintiff's baseless Motion results in precisely what it purports to avoid: wasting the Court's and the Cotswold Defendants' time and resources by clogging the Court's already full docket with unfounded pleadings such as the instant Motion.[1]  As such, it should be denied.

Plaintiff attempts to bootstrap the United States Supreme Court's recent holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), into grounds for striking the Cotswold Defendants' responsive pleadings.  Such a strained application of *Twombly* and *Iqbal* reaches too far, and the Motion to Strike is without merit and should be denied.

In addition, Plaintiff alleges the Cotswold Defendants answered several paragraphs of the Complaint by only stating that "the document speaks for itself."

---

[1] The lack of merit to Westgate's Motion is demonstrated when reviewing the affirmative defenses set forth by Westgate in its Answer and Affirmative Defenses to Defendants Cotswold Industries, Inc.'s and Cotswold Non-Woven Retail, LLC's Counterclaim.  *See* [Doc. No. 23], Affirmative Defense Nos. 1-3.  Westgate has engaged in precisely the same conduct about which it complains in its Motion.  As such, Westgate should be estopped from making such argument, and the Motion should be denied.

Although Plaintiff would have the Court believe that it carefully reviewed the Cotswold Defendants' responses (*see* Pl.'s Br., p. 6, n.1), Plaintiff neglects to note that the challenged responses, in addition to stating that the referenced document speaks for itself, also "admit or deny the allegations against [them]", exactly as is required by Federal Rule of Civil Procedure 8(b)(1)(B). *See, e.g.,* Cotswold Defs.' Ans., ¶¶ 17-18, 32. Had Plaintiff conducted a more thorough reading of the challenged paragraphs of the Cotswold Defendants' Answer, it would have seen this and not filed its ill-conceived Motion to Strike.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    Legal Standard For Motions To Strike

Motions to strike under Rule 12(f) are disfavored and usually denied because often they serve only to delay legal proceedings. *See Advance Concrete Materials, LLC v. Con-Way Freight, Inc*., No. 09-80460-CIV, 2009 WL 2973265, at *2 (S.D.Fla. Sept. 11, 2009) (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). The reason motions to strike are routinely denied is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." *Advance Concrete*, 2009 WL 2973265, at *2

(quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).[2]

"Motions to strike will usually be denied unless 1.) the allegations have no possible

relation to the controversy and 2.) the allegations may cause prejudice to one of the

parties."  *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668,

at *1 (S.D.Fla. May 29, 2008) (citing *Augustus*, 306 F.2d at 868).  Neither of these

circumstances are present in the instant matter, and the Motion should be denied.

Indeed, not unlike the Motion here, "several courts have characterized such

motions as 'time wasters.'"  *Holtzman*, 2008 WL 2225668, at *1 (citing, *inter alia*,

*Royal Palm Sav. Assoc. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1417 (M.D.Fla.

1989)).

Plaintiff's Motion is based on Rule 12(f), which permits a court, in its broad

discretion, to strike "any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *Microsoft Corp. v.

Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D.Fla. 2002).  *See also*

Pl.'s Br., p. 3.  Plaintiff does not appear to assert the Cotswold Defendants'

defenses are redundant, immaterial, impertinent, or scandalous.  *See generally* Pl.'s

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981), the
Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit
rendered prior to Oct. 1, 1981.

Br.  Instead, it appears Plaintiff is relying solely on the ground that the Cotswold Defendants' defenses are allegedly insufficient.  *See generally id.*, pp. 2-5.

"When considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense." *Holtzman*, 2008 WL 2225668, at *1 (citing *Kohen v. H.S. Crocker Co.*, 260 F.2d 790, 792 (5th Cir. 1958)).  An affirmative defense will only be stricken if the defense is "insufficient as a matter of law", meaning either: 1) it is patently frivolous on the face of the pleadings or 2) it is clearly invalid as a matter of law.  *See Microsoft*, 211 F.R.D. at 683.  Neither of those grounds exists here, and Plaintiff's Motion should be denied.

### B.    Plaintiff Has Not And Cannot Overcome The High Presumption Against Motions To Strike

Plaintiff has not shown that the Cotswold Defendants' affirmative defenses are either patently frivolous on the face of the pleadings or unrelated to the controversy.  *See Microsoft*, 211 F.R.D. at 683.  *See also Holtzman*, 2008 WL 2225668, at *1.  Plaintiff also has not demonstrated that the Cotswold Defendants' affirmative defenses are invalid as a matter of law or that Plaintiff will suffer any prejudice if the affirmative defenses are not stricken.  *See Microsoft*, 211 F.R.D. at 683.  *See also Holtzman*, 2008 WL 2225668, at *1.

In fact, Plaintiff does not even attempt to explain how any one affirmative defense is individually deficient.  Rather, Plaintiff makes the sweeping and

conclusory allegation that all but two of the Cotswold Defendants' affirmative

defenses "contain conclusory allegations" and "fall well short of the pleading

requirements set forth by the Supreme Court."  Pl.'s Br., p. 2.  Plaintiff also fails to

rebut the presumption that the affirmative defenses are true.  Plaintiff's broad

accusations fail to demonstrate that the Cotswold Defendants' affirmative defenses

are unrelated to the controversy in this case and fail to rebut the presumption that

the allegations in the affirmative defenses are true.  Accordingly, the Motion to

Strike should be denied.

### C. The Cotswold Defendants' Affirmative Defenses And Responses Satisfy The Pleading Requirements

#### 1. The federal rules and case law only require a defendant to affirmatively state any affirmative defense sufficient to put a plaintiff on notice of the defense

Federal Rule of Civil Procedure 8(c) provides: "In responding to a pleading,

a party must affirmatively state any avoidance or affirmative defense."  Fed. R.

Civ. P. 8(c).  Rule 8(c) does not require, as Plaintiff argues, the same pleading

requirements that are required for a complaint under Rule 8(a).  In other words,

while a complaint must contain a "short and plain statement showing that the

pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), no such requirement exists

for affirmative defenses.

"[N]umerous federal courts have held [that] an affirmative defense may be pleaded in general terms and will be held to be sufficient, and *therefore invulnerable to a motion to strike*, as long as it gives the plaintiff fair notice of the nature of the defense."[3] CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, 5 FED. PRAC. AND PROC., § 1274 (1990) (emphasis added).  Simply pleading the name of the affirmative defense may be sufficient at times.  *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  *See also Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006) (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (holding defendant's statement in its answer that "Plaintiffs' claims are barred by the doctrine of res judicata" was sufficient because it gave the plaintiffs notice of the defense)).

### a.    The cases primarily relied upon by Plaintiff are distinguishable

Plaintiff heavily relies on the Supreme Court's decisions in *Twombly*, 550 U.S. 544, and *Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, to support its contention that the Cotswold Defendants' affirmative defenses fall short of the pleading requirements of Rule 8.  *See* Pl.'s Br. p. 5.  Plaintiff's reliance on these two cases is misplaced.

---

[3] The only exceptions are the defenses that fall within the special pleading provisions in Rule 9, especially Rule 9(b), which deals with fraud, mistake, and condition of the mind.

As Plaintiff concedes, both *Twombly* and *Iqbal* discuss the pleading requirements for a ***complaint***, and several courts have held that this analysis simply does not apply to affirmative defenses.  *See, e.g., First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL22861, at *2 (E.D.Mich. Jan. 5, 2009) (holding *Twombly's* analysis of Rule 8(a)'s requirement for a "short and plain statement" inapplicable to affirmative defenses under Rule 8(c)); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D.Pa. Oct. 23, 2009) ("The Supreme Court in *Twombly* was interpreting pleading requirements of Rule 8(a)(2).  This court does not believe that *Twombly* is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b), and declines to so extend the Supreme Court ruling as requested by Plaintiff."); *Westbrook v. Paragon Sys.*, No. 07-cv-00714-WS-C, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D.Ala. Nov. 29, 2007) (noting that *Twombly* was decided under Rule 8(a) and that the defendant was not required to show that it was entitled to prevail on its affirmative defense).[4]

Indeed, demonstrating the inapplicability of these two cases to affirmative defenses is that the Supreme Court in *Twombly* focused on the "showing" of the entitlement to relief necessary to state a claim, while Rule 8(c), applicable to

---

[4] It appears that this opinion is no longer available on either Lexis of Westlaw. Accordingly, a copy of the slip opinion is attached hereto as Ex. 1.

affirmative defenses, requires no such "showing" of the basis for an affirmative defense.  *Cf.* Fed. R. Civ. P. 8(a) *with* Fed. R. Civ. P. 8(c).

Likewise, *Iqbal* is clearly distinguishable from the facts of this case.  In *Iqbal*, the Supreme Court decided the pleading requirement that a *complainant* must meet in order to bring a viable claim against government officials for allegedly unconstitutional actions given the qualified immunity privilege defense. *See Iqbal*, 129 S.Ct. at 1940.  The Supreme Court granted the government officials' Petition for Writ of Certiorari to determine whether the complaint's conclusory allegations were sufficient to overcome the defense of the qualified immunity privilege generally provided to high government officials and the policies underlying that privilege.  *See id.* 1939-40.

Rather than creating a mere defense to liability, qualified immunity is an affirmative defense to a lawsuit even being entertained by a court, but it is waived if not asserted during the preliminary proceedings of a case.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Unlike in *Iqbal*, the affirmative defenses asserted by the Cotswold Defendants are defenses as to their liability for Plaintiff's claims against them, and not defenses such that they would preclude this Court from even entertaining Plaintiff's lawsuit.  *See, e.g.,* Cotswold Defs.' Answer, Affirmative Defense Nos.

7-12.  As such, *Iqbal*'s holding regarding the sufficiency of the claims showing the pleader is entitled to relief is simply inapplicable to the instant matter.  Therefore, Plaintiff's Motion should be denied.

### b.   The other case law relied upon by Plaintiff is inapplicable

Plaintiff also relies on a number of other cases to support its claim that affirmative defenses are subject to the same pleading requirements as a complaint. *See* Pl.'s Br., pp. 3-4.  First, each of the cited cases, including *United Fixtures Co. v. Base Mfg.*, No. 08-506, 2008 WL 4550212, at *4 (M.D.Fla. Oct. 8, 2008), are not controlling precedent.  Second, the remaining cases are otherwise distinguishable from the present action.

Plaintiff's quotation of *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001), is misleading.  Plaintiff cherry-picks from the Eleventh Circuit's opinion a quotation which discusses the defendant's affirmative defenses.  Plaintiff fails to note, however, that in *Byrne*, the Eleventh Circuit specifically found that the defendant's affirmative defenses did not respond to a particular cause of action because the defendant's answer as a whole was in response to the plaintiff's shotgun complaint.  Furthermore, the court did not strike the affirmative defenses, as Plaintiff requests here, but rather stated that in situations of disjointed pleadings, the district court should *sua sponte* order repleader.  *Id.*

*Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D.Fla. 2005), likewise is distinguishable from this case as it was a Fair Labor Standards Act ("FLSA") case, and the court found that the affirmative defenses the plaintiff sought to strike were not recognized or applicable to FLSA actions.  *Id.*

Finally, in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999), the citation accompanying the court's statement that affirmative defenses are "subject to the same pleading requirements as is the complaint" was directed to the requirement under Rule 8 that all pleadings be "simple, concise, and direct". *Woodfield*, 193 F.3d at 362 n.27.  As such, Plaintiff's arguments are without merit, and the Court should deny Plaintiff's Motion.

## 2.  <u>The Cotswold Defendants' Responses Satisfy The Pleading Requirements</u>

Federal Rule of Civil Procedure 8(b) states that, generally, a party responding to a pleading must: 1) "state in short and plain terms its defenses to each claim asserted against it"; and 2) "admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).

Plaintiff argues the Cotswold Defendants' use of the phrase "the document speaks for itself" renders their responses somehow improper.  Plaintiff's contention misses the mark.  Although a number of responses do contain that particular phrase, each response challenged by Plaintiff also contains either an admission or

denial of the Complaint's allegations.[5]  This is all that is required by Rule 8(b). *See Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D.Pa. Oct. 23, 2009) (denying plaintiff's motion to strike where defendant repeatedly stated in its answer that it could not respond because plaintiff's allegations were "vague and ambiguous", noting that defendant also included an affirmance or denial in each response, and the use of the protective language "did not render the response insufficient to the point that it must be stricken").

Simply because the Cotswold Defendants additionally asserted that a document "speaks for itself" does not render the affirmation or denial of each challenged paragraph of the Cotswold Defendants' Answer insufficient. Accordingly, the Court should deny Plaintiff's Motion.

---

[5] *See, e.g.,* Cotswold Defs.' Ans., ¶ 17 ("The Cotswold Defendants admit that Plaintiff and HTCW entered into a factoring agreement (the 'Factoring Agreement'), and state that the Factoring Agreement speaks for itself, ***and deny the allegations in Paragraph 17*** of the Complaint that purport to restate or summarize the terms of the Factoring Agreement to the extent they are inconsistent with the Factoring Agreement.") (emphasis added); ¶ 18 ("The Cotswold Defendants admit Plaintiff has attached Exhibit A to its Complaint. To the extent that the allegations in the Complaint purport to restate or summarize the terms of Exhibit A, the Cotswold Defendants state that Exhibit A speaks for itself, and the Cotswold Defendants ***deny any allegations*** the extent that they are inconsistent with Exhibit A.") (emphasis added).  See also id. ¶¶ 2, 18 20-21, 32, 37, 39, 40, 45, 46, 49, 50, 58, 59, 60, 61, 62, 63, 65, 72, 73, 74, 76, 79, 85, 89, 90, 95 and 105.

**D.** **Even If The Court Finds The Responses And Affirmative Defenses Insufficient, The Court Should Provide An Opportunity To Replead**

In situations where a plaintiff argues that certain affirmative defenses are conclusory or do not satisfy the general pleading requirements, "a motion to strike under Rule 12(f) is not the appropriate remedy."  *Holtzman*, 2008 WL 2225668 at *2.  Rather, the proper motion to be filed is a motion for a more definite statement under Rule 12(e).  *Id.*  Thus, even if the Court were to find the Cotswold Defendants' affirmative defenses or responses insufficient, the Court should permit them to replead their Answer and defenses.

### III.    CONCLUSION

For all of the foregoing reasons, the Cotswold Defendants respectfully request the Court deny Plaintiff's Motion to Strike in its entirety.  In the alternative, should the Court determine that the Cotswold Defendants' responses or affirmative defense to be deficient in any way, the Cotswold Defendants request the Court permit them to replead their Answer and defenses, including any affirmative defenses.

Respectfully submitted this 30th day of November, 2009.

                                     /s/  *David A. Sirna*

                                       Jeffrey D. Horst

                                       Georgia Bar No. 367834

                                       Horst@khlawfirm.com

                                       David A. Sirna

                                       Georgia Bar No. 613513

                                       Sirna@khlawfirm.com

                                       *Attorneys for Defendants Cotswold*

                                       *Industries, Inc. and Cotswold Non-Woven*

                                       *Retail, LLC*

KREVOLIN & HORST, LLC

One Atlantic Center

1201 West Peachtree Street, N.W.

Suite 3250

Atlanta, GA 30309

Phone: (404) 888-9700

Fax: (404) 888-9577

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 30, 2009, I electronically filed the within and foregoing ***Response to Plaintiff's Motion to Strike Certain Affirmative Defenses and Portions of Defendants Cotswold Industries, Inc.'s, Cotswold Non-Woven Retail, LLC's Answers*** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

Clifton B. Welch, Esq.
cwelch@seyfarth.com
Erika C. Birg, Esq.
ebirg@seyfarth.com
SEYFARTH SHAW LLP
1545 Peachtree Street, N.E.
Suite 700
Atlanta, GA 30309-2401

Greg K. Hecht, Esq.
greg@greghecht.com
Jon W. Jordan, Esq.
jon@greghecht.com
HECHT, MACK & HARRIS
205 Corporate Center Drive, Suite B
Stockbridge, GA 30281

Johannes S. Kingma, Esq.
jkingma@carlockcopeland.com
William D. Newcomb, III, Esq.
wnewcomb@carlockcopeland.com
CARLOCK, COPELAND & STAIR, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303

I further certify that on November 30, 2009, I sent a true and correct copy of the within and foregoing ***Response to Plaintiff's Motion to Strike Certain Affirmative Defenses and Portions of Defendants Cotswold Industries, Inc.'s,***

{KH094018.DOC 3}

***Cotswold Non-Woven Retail, LLC's Answers*** Plaintiff's Memorandum of Law in

via U.S. Mail, postage applied to ensure delivery, addressed to the following:

Chief Executive Officer<br>
HTCW, Inc.<br>
2000 Jabco Boulevard<br>
Lithonia, GA 30058

                         */s/  David A. Sirna*

                         Jeffrey D. Horst

                         Georgia Bar No. 367834

                         Horst@khlawfirm.com

                         David A. Sirna

                         Georgia Bar No. 613513

                         Sirna@khlawfirm.com

                         *Attorneys for Defendants Cotswold*

                         *Industries, Inc. and Cotswold Non-Woven*

                         *Retail, LLC*

KREVOLIN & HORST, LLC
One Atlantic Center
1201 West Peachtree Street, N.W.
Suite 3250
Atlanta, GA 30309
Phone: (404) 888-9700
Fax: (404) 888-9577

{KH094018.DOC 3}